IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                ORDER

           Plaintiff,

                                            05-CR-0171-C
                                            07-C-0416-C

     v.

DONALD L. GASSER,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On May 31, 2006, a judgment and commitment order was entered under which defendant Donald L. Gasser was sentenced to a term of 24 months' imprisonment, followed by a three-year term of supervised release.  On July 30, 2007, defendant moved to vacate his sentence pursuant to 28 U.S.C. 2255.  I denied that motion on August 3, 2007.  Later, defendant filed a document directly with the Court of Appeals for the Seventh Circuit titled "Motion to Take Judicial Notice of the De Recto Habeas Corpus."  The court of appeals construed the submission as a notice of appeal from this court's denial of defendant's § 2255 motion and forwarded it to this court for a ruling whether defendant could proceed on appeal in forma pauperis and whether defendant was entitled to a certificate of appealability.

1

In an order dated September 13, 2007, I denied defendant's motion for leave to proceed in forma pauperis on appeal and declined to issue a certificate of appealability.

On September 18, 2007, the court of appeals gave defendant until October 2, 2007, in which to pay the fee for filing his appeal or to move in that court for leave to proceed in forma pauperis. Instead of heeding that directive, defendant filed another document in this court on October 1, 2007, titled "Non-Negotiable Notice of Acceptance - Notice of Tender." In that document, defendant attempted to persuade the clerk of this court that he was exempt from having to pay the appellate filing fee. On October 3, 2007, I advised defendant that the clerk could not accept his submission as consideration in exchange for payment of the fees he owed. Finally, on October 19, 2007, the court of appeals dismissed defendant's appeal for his failure to pay the filing fee.

Now, defendant has filed another document, this one titled "Conditional Acceptance for Value Non-Transferable Certificate of Origin, Request for Proof of Claim." In it, defendant asks the clerk of court to answer interrogatories designed to elicit, "point by point," an explanation why his previous submission was not acceptable as legal tender in payment of his filing fee obligation. Enough is enough. There is no requirement that the clerk respond to defendant's interrogatories or explain why she is unable to accept defendant's earlier submission in payment of his filing fee. At this point, defendant's appeal has been dismissed for his failure to pay. If he believes that decision was erroneous, he will

2

have to take the matter up with the court of appeals. In any event, neither the clerk nor this court will continue to respond to defendant's submissions relating to this matter.

Accordingly, IT IS ORDERED that any future document defendant submits for filing in this case is to be routed to chambers for review without docketing. If I conclude that the submission is repetitive of plaintiff's recent filings or otherwise legally frivolous, it will be placed in defendant's file and no response will be made to it.

Entered this 6th day of November, 2007.

BY THE COURT:<br>
/s/<br>
BARBARA B. CRABB<br>
District Judge